IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY S. SMALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-3042-CV-S-ODS-SSA |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

    Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability insurance benefits. The Commissioner's decision is reversed and the case is remanded for further proceedings.

    1.    Although not specifically stated, it appears the ALJ gave no weight to the opinion of Plaintiff's treating physician, Dr. Ledger. R. at 18-19, 21-24. The ALJ discounted Dr. Ledger's opinion primarily because Plaintiff was noncompliant in treating his diabetes. R. at 22-244. In finding Plaintiff was noncompliant, the ALJ afforded significant weight on the opinion of Dr. Puestow. *Id.* However, During the hearing held in July 2013, Dr. Puestow was asked by the ALJ if there was "anything in the record which suggests that [Plaintiff] might be non-compliant." R. at 73. Dr. Puestow stated, "I really, well, there was one or two episodes where he was hypoglycemi[c] due to taking insulin and not eating. But there aren't multiple references to that." *Id.* The ALJ also relied on Dr. Puestow's opinion that Plaintiff was routinely noncompliant with his insulin medication, and Dr. Puestow's findings about Plaintiff's treatment and activities. R. at 23. Yet, Dr. Puestow did not render that opinion or those findings. R. at 73, 80-81. Because Dr. Puestow's testimony does not support a finding that Plaintiff was noncompliant in treating his diabetes, the ALJ erred in affording significant weight to such an opinion by Dr. Puestow, and the ALJ erred in discounting Dr. Ledger's opinion based on this unsupported determination. Upon remand, the ALJ must reassess the

weight afforded to Dr. Puestow and Dr. Ledger.  With regard to his findings, the ALJ must provide specific examples in the record and legal authority that permit the ALJ to assign whatever weight he gives to the opinions of Dr. Puestow and Dr. Ledger.  To the extent the ALJ affords less weight to Dr. Ledger's opinion than he affords the opinions from other medical sources, the ALJ must "give good reasons" to justify the weight he gives the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2); *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted).

     2.     Upon reassessment of the weight afforded Dr. Puestow and Dr. Ledger, the ALJ must also reassess Plaintiff's residual functional capacity ("RFC").  The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations."  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

     3.     Upon remand, the ALJ must resolve any discrepancies between the vocational expert's ("VE") testimony and the *Dictionary of Occupational Titles* ("DOT").  Specifically, the ALJ must resolve the conflict between his finding that Plaintiff is unable to reach above shoulder level with the right upper extremity (R. at 15) with the DOT architect listing, which requires, among other things (1) occasional exertion of up to twenty pounds of force to move an object, (2) when the job requires sitting most of the time, pushing and/or pulling arm or leg controls, and (3) pushing and/or pulling materials.  *Dictionary of Occupational Titles* #001.061.010 (4th ed. 1991).

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, SENIOR JUDGE
DATE:  December 2, 2016                  UNITED STATES DISTRICT COURT